91 F.3d 169
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
OGLESBY PLANT LABORATORIES, INC., Plaintiff/Counterdefendant-Appellee,
v.
Jim ATKINSON, Defendant/Counterclaimant-Appellant,
and
EXOTICA INTERNACIONAL, S.A., Defendant.
 No. 95-1353.
 United States Court of Appeals, Federal Circuit.
 Decided June 6, 1996.
 
 Before CLEVENGER, Circuit Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 CLEVENGER, Circuit Judge.
 
 
 1
 Jim Atkinson seeks review of the decision of the United States District Court for the Southern District of Florida, Oglesby Plant Lab., Inc. v. Morris, No. 93-2524-CIV-ATKINS (S.D. Fla. April 18, 1995), which granted summary judgment of validity and infringement to Oglesby Plant Laboratories, Inc. (Oglesby). We affirm.
 
 
 2
 * Oglesby brought an action for infringement of its United States Patent No. Plant 6,964 against three defendants including Jim Atkinson (Atkinson). After the other two defendants dropped out of the lawsuit, Oglesby filed a summary judgment motion against Atkinson.
 
 
 3
 Recognizing that Atkinson was appearing pro se, the district court explained the mechanics of summary judgment procedure and allowed Atkinson an additional three weeks to gather evidence and prepare a response to Oglesby's motion. Upon review of the evidence submitted by both parties, the district court held that Oglesby was entitled to summary judgment on the issue of validity because, on each of the alleged grounds of invalidity, Atkinson failed to raise any facts that disputed the validity of Oglesby's patent. The district court denied, however, Oglesby's motion for summary judgment on the issue of infringement. Despite its finding that Atkinson had a sexually reproduced the patented plant, the district court believed that it was necessary to review evidence to determine whether the results of Atkinson's reproduction fell within the patented claim.
 
 
 4
 Oglesby filed a motion for reconsideration on the issue of infringement arguing that the district court applied the wrong legal standard for evaluating infringement in the context of plant patents. In light of this motion, Atkinson asserted new factual allegations via his responsive memorandum, but he did not file an affidavit attesting to these allegations. The district court granted Oglesby's motion, declined to consider Atkinson's new factual allegations, and entered summary judgment in favor of Oglesby on all issues, including infringement. We review Atkinson's appeal of that decision pursuant to 28 U.S.C. § 1295(a)(1) (1994).
 
 II
 
 5
 We review de novo the district court's grant of summary judgment to Oglesby. Beech Aircraft Corp. v. EDO Corp., 990 F.2d 1237, 1244-45 (Fed.Cir.1993). Under summary judgment procedure, the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to go beyond the pleadings and submit evidentiary materials that demonstrate the existence of a genuine issue of material fact. Id. at 322-23.
 
 
 6
 Atkinson argues that Oglesby's patent is invalid on many grounds, including: inventorship, variance of characteristics from generation to generation, fraudulent statements in the specification, anticipation, obviousness and public use. The district court rejected each of these arguments because Atkinson's evidence had failed to create any genuine issues of material fact that could prove invalidity. After a careful review of the evidence and the law, we agree with the district court's decision on the issues of validity.
 
 
 7
 On Oglesby's motion for reconsideration of its first order, the district court also held that Atkinson infringed Oglesby's patent as a matter of law. A defendant infringes a plant patent if the defendant a sexually reproduces, sells or uses the patented plant. 35 U.S.C. § 163 (1994); Yoder Bros., Inc. v. California-Florida Plant Corp., 537 F.2d 1347, 1382-83 (5th Cir.1976), cert. denied, 429 U.S. 1094 (1977). When questioned during deposition regarding reproduction of the patented plant "Sensation," Atkinson originally refused to answer based on self incrimination. After the district court ordered him to answer specific questions, the following testimony occurred:
 
 
 8
 Q. Anytime after 1987, have you attempted to clone this patented plant?
 
 
 9
 A. We cloned them right on through....
 
 
 10
 Q. Now, what does "right on through," mean sir? You've used that word, "right on through."
 
 
 11
 A. From 1987 up until '84, there were mutations of--
 
 
 12
 Q. You mean '94.
 
 
 13
 A. '94, there were mutations of the 1987, supposedly Sensation.
 
 
 14
 Based upon this admission, the district court decided that Atkinson had failed to raise a genuine issue of material fact as to infringement. Accordingly, the district court granted Oglesby's motion for summary judgment of infringement.
 
 
 15
 On appeal, Atkinson contends that the district court erred in failing to consider his late-proffered factual evidence which allegedly demonstrated that he did not infringe Oglesby's patent. In response to Oglesby's motion for reconsideration below, Atkinson asserted that he did not infringe Oglesby's patent because he only cloned "Sensation" prior to the patent's issue date. Subsequent to the issue date, Atkinson claims he cloned only mutations, sports or variants of "Sensation." The district court was therefore faced with a situation where Atkinson was "raising at this late date brand new factual issues which contradict his sworn testimony."
 
 
 16
 The district court noted it had already been generous in granting Atkinson time extensions because of his pro se status, and that Atkinson did not raise these allegations earlier when the court specifically directed him to file affidavits and depositions in support of his contentions that he did not infringe Oglesby's patent. Accordingly, the district court refused to consider Atkinson's new, untimely factual allegations.
 
 
 17
 Our review of the district court's decision as to matters of trial management is limited to the narrow inquiry of whether the district court abused its discretion. See, e.g., Northern Telecom, Inc. v. Datapoint Corp., 908 F.2d 931, 943 (Fed.Cir.1990), cert. denied, 498 U.S. 920 (1990). As part of its trial management, the district court may establish deadlines for the submission of evidence. See id. In the present case, the district court decided that although Atkinson should be afforded latitude as a pro se defendant, he should not be afforded endless opportunities to present new evidence at Oglesby's expense. Given the district court's general leniency with Atkinson, we conclude that this decision does not constitute an abuse of the court's discretion.
 
 III
 
 18
 In sum, we agree with the district court that Atkinson has not introduced any evidence to create a genuine issue of material fact as to either the validity or infringement of Oglesby's patent. Accordingly, we affirm the district court's decision.
 
 
 19
 On April 26, 1996 and May 15, 1996, Atkinson filed motions in this court seeking sanctions against Oglesby for alleged abuse of discovery proceedings in the district court and for alleged fraud upon the appellate court. Oglesby moved to strike Atkinson's motions and sought its fees and costs in connection with filing the motions to strike. Alternatively, Oglesby moved for extensions of time in which to respond to Atkinson's motions for sanctions. We decide these collateral matters as follows: Atkinson's motions for sanctions are denied, Oglesby's motions to strike or to be granted additional time are denied as moot, and Oglesby's motions for fees and costs are denied.
 
 
 20
 No costs.